Case 4:26-cv-00490   Document 6   Filed 01/28/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
January 28, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANTIAGO BARRAGAN-CALLEJAS, A# 089 945 779 | § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. H-26-490 |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, *et al.*, | § § § § | |
| Respondents. | § § | |

**ORDER**

The petitioner, Santiago Barragan-Callejas, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings without a proper bond hearing. (Docket Entry No. 1). After considering the petition, the briefing, and the applicable law, the court grants in part Barragan-Callejas's petition (Docket Entry No. 1) and denies the motion to dismiss (Docket Entry No. 5).

As this court and other courts have articulated in numerous decisions, Barragan-Callejas is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v. Thompson*, Civ. Action No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z. The court also notes that a district court in the

Central District of California certified a class of petitioners similarly situated to Barragan-Callejas; granted summary judgment in their favor, holding that § 1226, not § 1225, applies to those in Barragan-Callejas's position; and entered a final judgment so declaring. *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). The court has found no reason to depart from its prior decisions, the class-action judgment from which the petitioner benefits, or the decisions of dozens of other courts.[1]

The respondents must provide Barragan-Callejas with a bond hearing under § 1226(a) by **February 11, 2026**, or release him. The parties are to update the court on the status of his bond hearing no later than **February 16, 2026**.

SIGNED on January 28, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[1] The court rejects the respondents' other challenges to the habeas petition. As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3. That the petitioner has not yet requested bond does not change this court's conclusions as to exhaustion and the appropriate relief. *See Flores Perez v. Noem*, No. 2:25-cv-2920, 2025 WL 3532430, at *3 (N.D. Tex. Nov. 14, 2025), *R&R adopted*, 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025).